IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MELISSA ROARK, a minor,
by her parents and next friends,
Robert Roark and Abigail Arnold,
3215 Oliver Street, NW
Washington, D.C. 20015,

and

ROBERT ROARK and ABIGAIL ARNOLD,
3215 Oliver Street, NW
Washington, D.C. 20015,

      Plaintiffs,

v.

DISTRICT OF COLUMBIA,
A Municipal Corporation,
One Judiciary Square,
441 Fourth Street, NW,
Washington, D.C. 20001,

and

CLIFFORD JANEY, (officially as)
Superintendent,
District of Columbia Public Schools,
825 North Capitol Street, NE,
Washington, D.C. 20002,

      Defendants.

Civil Action No. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Preliminary Statement**

1. This is an action for reimbursement of the costs incurred by plaintiffs Robert Roark and Abigail Arnold ("the parents") in educating their daughter, Melissa, in a private school after the District of Columbia Public Schools ("DCPS") failed to provide her with a free appropriate public education ("FAPE") as required under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1487 (2004).

**Jurisdiction**

2. This court has jurisdiction over this matter pursuant to the IDEA; the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; 42 U.S.C. § 1983 ("Section 1983"); and 28 U.S.C. §§ 1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. Plaintiffs have exhausted their administrative remedies and appeal to this court from a decision of an Independent Hearing Officer of the District of Columbia Public Schools Student Hearing Office.

**Parties**

3. Melissa Roark is a disabled child as defined by the IDEA and Section 504, eligible to receive special education and related services. At all times relevant to this action, this student and her parents resided in the District of Columbia. The parents bring this action on Melissa's behalf and in their own right.

4. The District of Columbia is a municipal corporation that receives federal financial assistance, and is therefore required to comply with the IDEA and Section 504.

5. Clifford Janey is the Superintendent of DCPS, and as such, is the public official charged with the responsibility for ensuring that DCPS complies with federal law as to the

education of disabled children. He is also responsible for ensuring that all disabled children in the District of Columbia receive a FAPE and that their rights to equal protection of the law and due process of law are respected. He is sued in his official capacity.

### Factual Allegations

6. Melissa Roark was born on September 23, 1990.

7. Melissa has educational disabilities that impact her ability to succeed in school. Because of these disabilities, DCPS has found her eligible to receive special education and related services under the IDEA.

8. For several years, and through the end of the 2004-05 school year, DCPS funded Melissa in a placement at the Lab School of Washington ("Lab School").

9. Lab School is a nonpublic, full-time special education day program for students with disabilities. All students there have educational disabilities, and all have Individualized Education Programs ("IEPs"), under which they receive special education and related services.

10. During the 2004-05 school year, Melissa and her parents began to question whether she required as restrictive an environment as a full-time placement, in which she was out of the mainstream environment for all of her schooling.

11. Upon the advice of educators and experts working with Melissa, the parents began to search for a less restrictive environment, in which Melissa could be educated in a more mainstream setting, but still receive a high degree of individualization and structure, in small classes with a low student:teacher ratio. The services had enabled Melissa to succeed at Lab School. They identified the McLean School ("McLean"), a nonpublic day school in the

Washington Metropolitan area, as a placement that could deliver these specifications. Melissa was subsequently accepted by McLean for the 2005-06 school year.

12. On June 16, 2005, the parents, through counsel, sent a letter to DCPS, advising that they believed that Melissa would be appropriately placed at McLean. By this letter, they sought to have DCPS place and fund Melissa at McLean for the 2005-06 school year. The parents relinquished Melissa's space at Lab School for the 2005-06 school year, which Lab School subsequently filled with another student.

13. Lab School also advised DCPS that Melissa would not be returning, via its annual submission to the school system of a list of DCPS-funded students.

14. DCPS was required to respond to the parents' request for placement and funding at McLean, and to continue to ensure that Melissa received a FAPE.

15. Despite the parents' request, DCPS failed to hold an IEP meeting to determine an appropriate placement for Melissa, and failed to respond in any way to the parents' request for change in placement, thereby violating the IDEA and denying Melissa a FAPE.

16. At the start of the 2005-06 school year, the parents unilaterally enrolled Melissa at McLean.

17. To appeal DCPS' denial of a FAPE to Melissa, on August 2, 2005, the parents filed a due process hearing request under the IDEA. A hearing was scheduled for October 7, 2005.

18. Prior to the hearing date, the parents, through counsel, submitted a motion for pre-hearing summary decision. DCPS responded by submitting an Agency Briefing in which it asked

the Hearing Officer to dismiss the complaint. The Hearing Officer ruled on these motions without taking any witness testimony.

19. In a decision dated November 14, 2005, the Hearing Officer determined that the parents were not entitled to placement and funding of Melissa at McLean.

20. The Hearing Officer held that the parents had not alleged nor demonstrated that the 2005-06 IEP developed by Lab School was inappropriate, nor that Lab School was unable to implement the IEP.

21. The Hearing Officer held that without such a showing, DCPS was under no allegation to move Melissa to another school.

22. The Hearing Officer's held that the parents never requested that DCPS convene a Multidisciplinary Team ("MDT") Meeting to discuss their concerns either about the implementation of Melissa's 2005-06 IEP at Lab School or about the placement.

23. The Hearing Officer's November 14, 2005 decision contains palpable errors of fact and law.

24. The Hearing Officer erred by holding that DCPS is under no obligation to move Melissa to another school unless allegations have been made regarding the inappropriateness of her IEP.

25. The Hearing Officer erred by ignoring the fact that DCPS failed in its legal obligation to respond to the parents' request for a change in placement.

26. The Hearing Officer erred by ignoring the fact that, since DCPS did not respond to the parents' request, Lab School did not reserve a space for Melissa for the 2005-06 school year.

27. The Hearing Officer misinterpreted and misapplied federal and D.C. statutory and case law in his decision.

28. The Hearing Officer abused his discretion by failing to award reimbursement to the Roark family, when no binding legal authority barred him from doing so.

29. Plaintiffs are aggrieved by the decision of the Hearing Officer.

30. Plaintiffs have exhausted their administrative remedies.

## COUNT I
(Failure to Provide Melissa Roark FAPE and Due Process of Law)

31. Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 30 above.

32. The IDEA and D.C. law require defendants to provide Melissa Roark with a FAPE, including an appropriate educational program and placement.

33. Section 504 requires substantial compliance with all procedural and substantive rights under the IDEA.

34. Defendants failed to provide Melissa Roark with a FAPE, including an appropriate educational program and placement.

35. Defendants' failure to provide Melissa Roark with a FAPE, including an appropriate educational program and placement, violates plaintiffs' rights under the IDEA, D.C. law, and Section 504.

## COUNT II
(Failure to Place and Fund Melissa Roark at the McLean School)

36. Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 30 above.

6

37. Federal and D.C. law requires that a school system which fails to provide a student with a FAPE must place and fund that student in an alternative unilateral placement which can provide that student with educational benefit.

38. Section 504 requires substantial compliance with all procedural and substantive rights under the IDEA.

39. Defendants failed to provide Melissa Roark with a FAPE, and failed to place and fund her at McLean.

40. Defendants' failure to place and fund Melissa Roark at McLean violates the IDEA, D.C. law, and Section 504.

### COUNT III
(Erroneous Denial of Reimbursement)

41. Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 30 above.

42. Federal and D.C. law requires that a school system which fails to provide a student with a FAPE must place and fund that student in a private placement which can provide that student with educational benefit.

43. Section 504 requires substantial compliance with all procedural and substantive rights under the IDEA.

44. The Hearing Officer committed error, and violated plaintiffs' due process rights under the IDEA and D.C. law by failing to consider relevant, probative and admissible evidence and testimony regarding DCPS' responsibilities and obligations to Melissa Roark.

45. The Hearing Officer failed to order defendants to place and fund Melissa Roark at the McLean School.

46. The Hearing Officer's failure to order defendants to place and fund Melissa Roark at McLean violates the IDEA, D.C. law, and Section 504.

WHEREFORE, plaintiffs respectfully request that this Court:

1. Issue judgment for plaintiffs and against defendants;

2. Issue declaratory relief that defendants violated plaintiffs' rights under applicable law;

3. Issue injunctive relief ordering defendants to place and fund Melissa Roark at the McLean School for the 2005-06 school year;

4. Issue declaratory relief that the McLean School is Melissa Roark's current educational placement;

5. Order defendants to pay plaintiffs' reasonable attorneys' fees and costs, including the fees and costs of this action; and

6. Award any other relief that this Court deems just.

Respectfully submitted,

*Michael J. Eig /hmi*
Michael J. Eig          #912733

*Haylie M. Iseman*
Haylie M. Iseman        #471891

MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740
Counsel for Plaintiffs