UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MELISSA ROARK, *et al.*,         :

    Plaintiffs                :

        v.                     :        Civil Action No.  05-2383 (JDB)

DISTRICT OF COLUMBIA, *et al.*,  :

    Defendants               :

## ANSWER OF DEFENDANTS TO THE COMPLAINT

In answer to the specific paragraphs of the complaint the defendants, by counsel, state as follows:

### Preliminary Statement

1. The allegations of paragraph 1 of the complaint are conclusions of law and/or the pleader to which no response is required.  If a response is required, then the same are denied, except that defendants admit the existence of the cited statute.

### Jurisdiction

2. The allegations of paragraph 2 of the complaint are conclusions of law and/or the pleader to which no response is required.  If a response is required, then the same are denied, except that defendants admit the existence of the cited statutes.

### Parties

3. Defendants admit that Melissa Roark has been determined to be a disabled child and are without knowledge sufficient to respond to the remaining allegations of paragraph 3 of the complaint.

4. Defendants admit that the District of Columbia is a municipal corporation receiving funds from the federal government as alleged in paragraph 4 of the complaint. The remaining allegations of paragraph 5 are conclusions of law and/or the pleader to which no response is required.

5. Defendants admit that Clifford Janey is the Superintendent of the District of Columbia Public Schools (DCPS) as alleged in paragraph 5. The remaining allegations of paragraph 5 are conclusions of law and/or the pleader to which no response is required.

Factual Allegations

6, 7 and 8. Defendants admit the allegations of paragraphs 6, 7 and 8.

9. Defendants admit the allegations of the first sentence of paragraph 9 of the complaint, concerning the nature of the Lab School of Washington, and are without knowledge sufficient to respond to the remaining allegations of that paragraph.

10. Defendants are without knowledge sufficient to respond to the allegations of paragraph 10 of the complaint.

11. Defendants admit that Melissa succeeded at the Lab School as alleged in the second sentence of paragraph 11 of the complaint, and are without knowledge sufficient to respond to the remaining allegations of that paragraph.

12. Defendants admit that plaintiffs sent a letter as described in the first sentence of paragraph 12 of the complaint, and are without knowledge sufficient to respond to the remaining allegations of that paragraph.

13. Defendants are without knowledge as to the allegations of paragraph 13 of the complaint.

14.  Defendants admit that they were responsible for providing FAPE to Melissa as alleged in paragraph 14 of the complaint, but deny the remaining allegations of that paragraph.

15.  Defendants deny the allegations of paragraph 15 of the complaint.

16.  Defendants are without knowledge as to the allegations of paragraph 16 of the complaint.

17.  Defendants admit the allegations of paragraph 15 of the complaint, except to deny that there was any denial of FAPE to Melissa.

18 – 22.  Defendants admit the allegations of paragraphs 18 through 22 of the complaint, except to note that there appears to be a typographical error in paragraph 21, in which the word "allegation" appears, where plaintiffs may have intended to use the word "obligation."

23 – 28.  The allegations of paragraphs 23 through 28 of the complaint are conclusions of law and/or the pleader to which no response is required.  If a response is required, then the same are denied.

29.  Defendants deny the allegations of paragraph 29 of the complaint.

30.  The allegations of paragraph 30 of the complaint are conclusions of law and/or the pleader to which no response is required.  If a response is required, then the same are denied.

### Count One

31.  Defendants reallege and incorporate by reference all previous responses herein.

32 – 35.  The allegations of paragraphs 32 through 35 of the complaint are conclusions of law and/or the pleader to which no response is required.  If a response is required, then the same are denied.

### Count Two

36.  Defendants reallege and incorporate by reference all previous responses herein.

37 – 40.  The allegations of paragraphs 37 through 40 of the complaint are conclusions of law and/or the pleader to which no response is required.  If a response is required, then the same are denied.

### Count Three

41.  Defendants reallege and incorporate by reference all previous responses herein.

42 – 44.  The allegations of paragraphs427 through 44 of the complaint are conclusions of law and/or the pleader to which no response is required.  If a response is required, then the same are denied.

45.  Defendants admit the allegations of paragraph 45 of the complaint.

46.  The allegations of paragraphs 46 of the complaint are conclusions of law and/or the pleader to which no response is required.  If a response is required, then the same are denied.

Defendants deny all allegations not previously admitted or otherwise answered, and admit no allegations unless clearly so stated above.

### First Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Hearing Officer's Determination is supported by substantial evidence in the administrative record and should be affirmed.

### Third Affirmative Defense

Defendants provided Melissa with FAPE at all relevant times in this matter, and would have continued to do so but for the unilateral action of the plaintiffs in changing her placement despite her uncontroverted success at the Lab School.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General, D.C.

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Division


_____/s/_____
EDWARD P. TAPTICH [#012914 ]
Chief, Equity Section 2

_____/s/_____
CARY D. POLLAK [#055400]
Senior Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6604