# CERTIFICATION OF RECORD

INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *Office of Compliance*
### *Student Hearing Office*

In the Matter RE: **Melissa Roark** and **The McLean School**

Case Information:    Hearing Dates: October 7, 2005
Held at: **District of Columbia Public Schools Headquarters**
**825 N. Capitol St., N.E.**
**Washington, D.C. 20002**
Student Identification Number: 9070087
Student's Date of Birth: **9/23/90**
Attending School: **The McLean School**
Managing School: **Same**
Hearing Request Date(s) August 2, 2005

## CERTIFICATION OF RECORD

I, **Sharon Newsome, Student Hearing Coordinator, Student Hearing Office**,

DO HEREBY CERTIFY that the attached Record of Proceeding and attached Index of

Exhibits itemizes the entire record in the above entitled matter as of this date, consisting

of all letters, pleadings, orders, exhibits, depositions.

I FURTHER CERTIFY that the materials forwarded herewith are either the

original or true copy of the original documents submitted in this matter.

EXECUTED this 17th day of January 2006.

**HEARING COORDINATOR**
**STUDENT HEARING OFFICE**

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**ENFORCEMENT AND INVESTIGATION DIVISION**

**SPECIAL EDUCATION DUE PROCESS HEARING**

**CONFIDENTIAL**

**HEARING OFFICER'S DETERMINATION**

**STUDENT: Melissa Roark**                    **DATE OF BIRTH: 9/23/90**

**ADDRESS: 3215 Oliver Street, N.W.**
**Washington, D.C. 20015**

**PRESENT SCHOOL ATTENDING:  The McLean School**
**LAST DCPS PLACEMENT: The Lab School of Washington**

**Student's Representative: Michael Eig, Esq.**
**Address: 5454 Wisconsin Ave.**
**Chevy Chase, MD. 20815**
**FAX: 301-657-3843**

**School System's Representative: Quinne Harris-Lindsey, Esq.**
**Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002**

'05 NOV 14 PM 12: 51
DC PUBLIC
SCHOOL SYSTEM

**INTRODUCTION:**

Counsel for the parties agreed and did submit cross-motions for summary decision on October 24th 2005 with a reply filed by counsel for the parent on October 28th 2005.

**JURISDICTION:**

This decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446) and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUE:**

1.  Did DCPS deny a Free Appropriate Public Education (FAPE) to the student by their placement of the student at The Lab School of Washington?

2.  Are the parents entitled to reimbursement for their unilateral placement of the student at The McLean School of Maryland?

**DOCUMENTS SUBMITTED BY DCPS:**

**NONE**

**DOCUMENTS SUBMITTED BY PARENTS:**

**MR-1-MR-13**

**FINDINGS OF FACT:**

1.  The student is a fifteen-year-old female who has been found eligible for special education services by DCPS as a student with the disability classification of a specific learning disability. (MR-11-MR13)

2.  DCPS has placed and funded the student at the Lab School of Washington (Lab School) for many years and in the record with an IEP going back to the 2003-2004 School Year. (MR-13)  Counsel for DCPS stated in her brief that DCPS has funded the student at The Lab School for four years, and counsel for the parents states in his reply the student has been at The

Lab School for many years.  The Lab School is a private full-time day special education program for students with specific learning disabilities.

3.   The Lab School IEP of March 10th 2005 for the 2005-2006 School Year is a comprehensive twenty two page document indicating in great detail: 1) the student's current levels of functioning; 2) the student's goals and objectives in language arts, math, social behavioral, speech and language, and psychological services that are all measurable and appropriate; 3) student classroom and testing accommodations; 4) individualized Transition Services Plan; and 5) LRE and Placement Considerations. (MR-11) Counsel for the parents states in his Reply: "…in this case parents do not dispute the appropriateness of the IEP."  The IEP is appropriate and offers a program that is reasonably calculated to provide educational benefits.

4.   The Lab School IEPs for the 2003-2004 School Year (MR-13) and the 2004-2005 School Year (MR-12) are equally comprehensive and appropriate as the current Lab School IEP of March 10th 2005.

5.   The Lab School Final Report Card for the 2004-2005 School Year when the student was in 9th grade states the student received all A's in Physical Science, Geography/History, Sculpture, Digital Photography, Spanish and P.E. and a B+ in Algebra and a B in English. (MR-5) The 2005 Final Report from the student's teachers show that The Lab School offered a very comprehensive and rigorous academic program and the student met her IEP goals and objectives and made excellent academic progress. (MR-6)  The Lab School offered a program that provided educational benefits to the student.  Counsel for the parents stated in his Motion for Pre-Hearing Summary Decision that at the Lab School the student "received educational benefit."

6.   The parents unilaterally enrolled their daughter at The McLean School of Maryland at the beginning of the 2005-2006 School Year. (MR-3)  On June 16th 2005, counsel for the parents sent a letter to DCPS stating "…parents have determined that she would be more appropriately placed at the McLean School, and have secured her placement there.  By this notice, we are requesting that DCPS place and fund Melissa at McLean for the upcoming school year." (MR-3)  Counsel for the parents never requested an MDT meeting to discuss concerns with implementation of the IEP at The Lab School or with the placement.

**DISCUSSION AND CONCLUSIONS OF LAW:**

Counsel for the parents in his Motion for Pre-Hearing Summary Decision states: "there is no genuine issue as to any material fact…" Counsel for the parents' factual summary states: "1. Melissa is an educationally disabled student who DCPS has found eligible to receive special education services under the IDEA. 2. DCPS previously placed and funded Melissa at the Lab School of Washington ('Lab'), a full-time special education program where she received educational benefit. 3. Based on the opinions of those working with and evaluating Melissa, her parents determined that McLean would be a better educational fit for Melissa and secured her placement there." Counsel for DCPS in her Motion states: "DCPS has funded the student at the Lab School of Washington for approximately four (4) years." Counsel for the parents' reply agreed with counsel for DCPS's above statement when he wrote: "DCPS has funded Melissa at Lab for many years." Counsel for the parents also wrote in his reply: "…in this case the parents do not dispute the appropriateness of the IEP. Their concern is solely with the setting at which the IEP will be implemented. Further, the issue is not whether or not Lab is able to implement the IEP." Counsel for the parents submitted a Declaration of Elizabeth McConnell, Head of the Upper School at McLean School who declared: "McLean School is a nonpublic day school that specializes in serving the education needs of students with learning disabilities…I do not believe that a less intensive program would appropriately address Melissa's needs."

The above factual summary and reply from counsel for the parents in his own words show there is no dispute that the child has received educational benefit at the private full-time special education program of The Lab School of Washington for several years. DCPS has funded and placed the student at The Lab for four years and continues to offer The Lab School as the student's placement. Counsel for the parents also concedes that the parents do not dispute the appropriateness of the IEP. The parents also do not dispute that the Lab school is able to implement the IEP. Counsel for the parents also submitted a declaration from the Head of the McLean School, which is also a private day program for students with learning disabilities, who stated the student needs can not be appropriately meet in a less intensive program. Both the Lab School and McLean School are private full-time special education programs for students with learning disabilities. Counsel for the parents argues that "her parents determined that McLean would be a better educational fit for Melissa and secured her placement there."

Counsel for the parents argues that "DCPS failed to provide disclosure and therefore cannot meet their burden of proof." Counsel for the parent relies on *Hendrick Hudson Dist. Bd. of Educ. v. Rowley*, 458 U.S. 176, 206-7 (1982) to argue that DCPS denied a FAPE to the student by failing to comply with IDEA's procedures and not offering the student a school placement "calculated to enable [her] to receive educational benefits."

Counsel for DCPS in her cross-motion also relies on *Rowley* to argue "there are no allegations that the IEP is inappropriate or that the Lab School is unable to implement the IEP. Without, at minimum, those factual allegations, DCPS is under no allegation to

4

move a child from a school within its school district and fund a student at a private school in Potomac, Maryland. The parents' desire to use another private school, other than the school already being funded by DCPS, does not establish a duty on DCPS to simply pay for the other school. Where there is no educational basis for the decision to change schools other than parental preference, DCPS should not be ordered to fund such a private placement."

The problem with counsel for the parents' argument is that he has agreed in his Motion and Reply that there is no genuine issue of fact that the student has an appropriate IEP from The Lab School, that The Lab School can implement the IEP and that the student has been receiving educational benefits from The Lab School for many years. Counsel for the parents' submitted documents clearly show that The Lab School IEP is appropriate; that The Lab School can implement the IEP; that the student has received educational benefits from The Lab School's program and the student has made exceptional progress at The Lab School. (See Findings of Fact #3-#5) Counsel for the parents has thus made the case for DCPS that their placement at The Lab School is appropriate even if DCPS could not meet their burden of proof because of their alleged failure to comply with the five day disclosure requirement.

The parents are seeking reimbursement for their unilateral placement of their daughter at The McLean School. As the Supreme Court held in *School Committee of Burlington v. Dept. of Educ. of Mass.*, 471 U.S. 359 at 372 and reiterated in *Florence County Sch. Dist. Four v. Carter*, 510 U.S. 7, 15, parents who unilaterally decide to place their disabled child in private school, without consent of local school officials, "do so at their own financial risk". As the Supreme Court held in *Carter*: "They are entitled to reimbursement only if a federal court concludes both that the public placement violated IDEA and that the private school placement was proper under the Act." *Id.* at 15   As a federal district court in the District of Columbia explained in *Schoenbach v. D.C.*, 309 F. Supp. 2d 71 (D.D.C. 2004):

> The first factor is a threshold condition, for if the public school placement would have been appropriate, the analysis ends, and a disabled child's parents are not entitled to reimbursement. *20 U.S.C. Section 1412 (a)(10)(C)(i)*(indicating that IDEA "does not require a local educational agency to pay for the cost of education, including special education and related services, of a child with a disability at a private school or facility if that agency made [FAPE] available to the child and parents elected to place the child in such private school or facility."); *M.C. v. Voluntown Bd. of Educ.*, 226 F. 3d 60, 66, (2d Cir. 2000)("Only if a court determines that a challenged IEP was inadequate should it proceed to the second question.")*T.R. v. Kingwood Township Bd. of Educ.* 205 F. 3d 572, 582 (3d Cir. 2000)("The threshold question here focuses on the first prong-viz. whether the Board's proposed placement violated the IDEA…The parental reimbursement mandate comes into play only if we answer yes to this initial question.")

Counsel for the parents argues that the alleged procedural violation of DCPS not providing disclosure of documents or witnesses within five business days of the hearing

5

is a denial of a FAPE, but counsel has not alleged that substantive harm has resulted. Federal appellate courts have required a showing of substantive harm resulting from a procedural violation before finding a denial of FAPE.  The Fifth Circuit in *Adam J. v. Keller Indep. Sch.Dist.*, 328 F. 3d 804, 811-12 (5th Cir. 2003) stated: "[C]ircuits that have addressed this question head on have consistently held that 'procedural defects alone do not constitute a violation of the right to a FAPE unless they result in the loss of an educational opportunity'".  *See also DiBuo v. Bd. of Educ.* 309 F. 3d 184, 190 (4th Cir. 2002; *T.S. v. Indep. Sch. Dist. No. 54*, 265 F. 3d 1090, 1095 (10th Cir. 2001); *Knable v. Bexley City Sch. Dist.*, 238 F.3d 755, 765 (6th Cir. 2001); *W.G. v. Bd. of Trustees*, 960 F. 2d 1479, 1484 (9th Cir. 1992)  Congress codified those holdings into the *2004 IDEA Improvement Act* at Section 615 (f)(3)(E).  That section specifically states that, in most cases, the hearing officer's decision must be "made on substantive grounds."  Procedural violations alone will support a denial of a FAPE only if the procedural inadequacies: "(i) Impeded the child's right to a [FAPE] (ii) Significantly impeded the parents' opportunity to participate in the decision-making process regarding the provision of [FAPE] to the parents' child; or (iii) caused a deprivation of educational benefits."  *Id.*  As counsel for the parent concedes in his factual summary the student's IEP at the Lab School was appropriate, there is no issue with the Lab School implementing the IEP and the student received educational benefits at the Lab School for many years.  There is therefore no deprivation of educational benefits caused by the DCPS alleged procedural violation of failing to make a disclosure within 5 business days of the due process hearing date.

The Supreme Court held in *Rowley* that IDEA was intended to provide a 'basic floor of opportunity" and an individualized plan "designed to provide educational benefit to the handicapped child." 458 U.S. at 201  IDEA, as interpreted in *Rowley*, imposes "no additional requirement that the services so provided be sufficient to maximize each child's potential commensurate with the opportunity provided other children." *Id.* at 198; see also *Kerkam v. McKenzie*, 862 F. 2d 884 at 886 (D.C. Cir. 1988)  The documents submitted by counsel for the parents demonstrate that The Lab School has offered a comprehensive educational program reasonably calculated to provide educational benefits and the student has thrived in that environment.  The student's last Report Card at The Lab School and the 2005 Final Report prepared by the student's special education teachers and related service providers show that the student has received excellent grades and made great progress.  After *Rowley*, some courts have said that IDEA does not require a "Cadillac" of services only a "Chevy".  In this case, however, DCPS has been placing and funding the student for several years at a private school, The Lab School, which based on documents submitted by counsel for the parents, shows it to be the "Rolls Royce" of special education programs for students with learning disabilities. This hearing officer concludes that pursuant to the two prong *Rowley* test for judicial and administrative review that DCPS has and is offering a FAPE to the student at The Lab School. Since the threshold question has been answered that DCPS's placement at the Lab School has provided a FAPE to the student, "the parental reimbursement mandate" does not come into play.  *See T.R. v. Kingwood Township Bd. of Educ.*, at 582

It is hereby **ORDERED** that:

**Counsel for the parents' Motion for Pre-Hearing Summary Decision and his request for relief is DENIED and the case is DISMISSED with prejudice.**

**This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.**

Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed: November 14, 2005

Date Issued:

7





## MICHAEL J. EIG AND ASSOCIATES, P.C.
### ATTORNEYS AT LAW
### SUITE 760
### 5454 WISCONSIN AVENUE
### CHEVY CHASE, MARYLAND 20815-6938
### (301) 657-1740

FACSIMILE (301) 657-3843

# FAX

| | |
|---|---|
| **To:** | Sharon Newsome |
| | **DCPS Student Hearing Office** |
| **Fax Number:** | (202) 442-5556 |
| **From:** | Michael J. Eig, Esq. |
| **Date:** | August 2, 2005 |
| **Time:** | 12:52 pm |
| **Total Pages:**<br>(including cover) | **6** |
| **Re:** | Melissa Roark |

This facsimile contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us at (301) 657-1740 and ask to speak with the sender. Also, we would appreciate your forwarding the document back to us and destroying it. Thank you.

8

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



# *Due Process Complaint Notice*

- The form is used to give notice of a complaint to the District of Columbia Public Schools, District of Columbia Public Charter School (DCPS or LEA) and/or parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).

- The complaint must describe an alleged violation that occurred not more that two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office of the District of Columbia Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, D.C. 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. The Student Hearing Office does NOT schedule resolution meetings.

- Mediation is also available to all parties as an alternative to a resolution meeting of a Due Process Hearing.

**A.    INFORMATION ABOUT THE STUDENT:**

Student Name: __Melissa Roark__          Birth Date: __09/23/1990__

Address: __3215 Oliver Street, NW, Washington, D.C. 20015__

Present School of Attendance: __The McLean School__

    Is this a charter school? __No__          (If yes, you must provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: __Robert Roark and Abby Arnold__

Address (if different from the student's above): __same as above__

Phone/Contact Number: __see below__    Fax Number (if applicable): __see below__

AUG.02.2005 12:59 30165373863    MICHAEL J EIG & ASSOCIATES    #2366 P.002/006

**B.**   **Individual Making the Complaint/Request for Due Process Hearing:**

Name:   Robert Roark and Abby Arnold

Complete Address:             same as above

Phone: (h)   see below     (w)   see below     (Fax)   see below     (e-mail) _____

Relationship to Student:

☒   Parent                     ☐   Legal Guardian                     ☐   Parent Surrogate

☐   Self/Student               ☐   Local Education Agency (LEA)        ☐   Parent Advocate

**C.**   **Legal Representative/Attorney (if applicable):**

Name:     Michael J. Eig, Esq.

Address:     Michael J. Eig and Associates, P.C.

_____     5454 Wisconsin Avenue, Suite 760, Chevy Chase, Maryland 20815

Phone: (h)     N/A     (w) 301-657-1740  (Fax) 301-657-3843  (e-mail) _____

Will attorney / legal representative attend the resolution session?   ☒ Yes        ☐ No

**D.**   **Complaint Made Against (check all that apply):**

☒   DCPS school (name of the school if different from page one) Wilson High School_____
☐   Charter school (name of the charter school if different from page one) _____
☐   Non-public school or residential treatment facility (name) _____
☐   Parent

**E.**   **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note: all Parties must agree to waive the resolution meeting to avoid having this meeting.)

☐   I wish to waive the Resolution Session Meeting

**E.**   **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

☐   I am requesting mediation as an alternative to the resolution session meeting.
☐   I am requesting mediation and a due process hearing.
☐   I am requesting mediation **only** at this time.

**G.    Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

    1.         What is the nature of the problem, including the facts related to the problem, that will need to be addressed at a Resolution Session meeting, a Mediation Conference, and/or a Due Process Hearing?

The District of Columbia Public Schools ("DCPS") has identified Melissa as a student eligible for special education and related services under the IDEA 2004. Melissa has for years been funded by DCPS at the Lab School of Washington. Based on the opinions of those working with and evaluating Melissa, her parents determined that the McLean School would be a better educational fit, and secured her acceptance there.

We sent notice of Melissa's acceptance at the McLean School to the DCPS Placement Office on June 16, 2005, and requested that DCPS place and fund Melissa's placement at McLean School. To date, DCPS has failed to convene an IEP team to consider this request or to issue an alternate placement for the 2005-06 school year. In failing to propose a program and placement that can meet Melissa's needs, DCPS has denied her the free appropriate public education ("FAPE") that is her right under the IDEA.

    2.         To the extent known to you at this time, how can this problem be resolved?

As a remedy for DCPS' procedural and substantive violations of the IDEA, the parents request that Melissa be placed and funded at the McLean School for the 2005-06 school year.

**H.    Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type) ___N/A_____
- Special Communication (please describe the type) _N/A_____
- Special Accommodations for Disability (please be specific) _N/A_____
- Other __N/A_____

**I.    Waiver of Procedural Safeguards:**

☐    I (parent/guardian) waive receiving a copy of the procedural safeguards at this time.

**J.    Signature and Affirmation:**

I affirm that the information provided on this form is true and correct.

_____          
Signature of Parent or Guardian          Date

                    8·2-05

_____          
Legal Representative / Advocate (if applicable)    Date

AUG.02.2005 12:59    MICHAEL J EIG & ASSOCIATES    #2366 P.004/006

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556

MICHAEL J. EIG AND ASSOCIATES, P.C.

ATTORNEYS AT LAW
SUITE 760
5454 WISCONSIN AVENUE
CHEVY CHASE, MARYLAND 20815-6938
(301) 657-1740

FACSIMILE (301) 657-3843

## GENERAL AUTHORIZATION

### April 22, 2005

This form, or any photostatic copy of it, authorizes any teacher, principal, registrar, or other school personnel, or any physician, psychiatrist, psychologist, nurse, hospital, and all medical and mental health attendants who have taught, counseled, treated, attended, or examined Melissa Roark, to furnish full and complete educational, attendance, medical, mental and social information requested by the undersigned to Michael J. Eig and Associates, P.C., my attorneys, or their designate, in their capacity as my attorneys in any special education or related appeals and proceedings. This form also authorizes Michael J. Eig and Associates, P.C., or their designate, to file for Due Process Hearing and take any and all actions related to such a filing. This authorization also includes the furnishing of information regarding my child's past, present, or future condition, the examination of all records, and the furnishing of any information, including opinions, which will aid Michael J. Eig and Associates, P.C. in pursuit of his/her case. Michael J. Eig and Associates, P.C. have been retained to represent me and my child, and to take all necessary steps on our behalf.

For the purposes of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), 42 U.S.C. § 1320d and its regulations, Michael J. Eig and Associates, P.C. shall serve as the Personal Representative for the purposes of obtaining any and all protected health information.

Your full cooperation with my attorneys is requested.

Parent/Guardian of
Melissa Roark
(D.O.B.  9-23-90)

13

**Complaint Intake Unit**
**825 North Capitol Street, NE – 8th Floor**
**Washington, D.C. 20002**

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
State Enforcement & Investigation Division
for Special Education Programs



# Fax

| Name: | Michael J. Eig | Pages: | 3 |
|---|---|---|---|
| Fax Number: | 3/657-3843 | Date: | August 2, 05 |
| Telephone No: | 3/657-1740 | | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

• Comments: Re: Melissa Boark

The document(s) accompanying this telecopy transmission contains confidential information that is legally privileged. The information is intended only for use of the individual or entity named Above, If you are not the intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in reliance of the contents of this copied information is Strictly prohibited. If you receive this telecopy in error, please immediately notify us by telephone For return of the original document to us.

14

TRANSMISSION VERIFICATION REPORT

TIME : 08/02/2005 16:04

| | |
|---|---|
| DATE,TIME | 08/02 16:02 |
| FAX NO./NAME | 93016573843 |
| DURATION | 00:01:26 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

# STATE EDUCATION AGENCY
# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

In the Matter of:                                    )         BEFORE A SPECIAL EDUCATION
_Melissa Roark_                                      )
                                                     )
                                                     )
             Petitioner                              )
                                                     )         HEARING OFFICER
                                                     )
             Vs.                                     )
_DCPS_                                               )
                                                     )         DISTRICT OF COLUMBIA
             Respondent                              )         PUBLIC SCHOOLS

## SCHEDULING MEMORANDUM

1.       A due process complaint notice and request for due process hearing has been received by
         the Student Hearing Office in the State Enforcement & Investigation Division.  Pursuant
         to 20 U.S.C. § 1415(f)(1)(B), prior to the opportunity for an impartial due process
         hearing, the Local Educational Agency shall convene a resolution meeting with the
         parent(s) and the relevant member or members of the IEP Team who have specific
         knowledge of the facts identified in the complaint within 15 calendar days of receiving
         notice of the parents' complaint.  The meeting shall include a representative of the Local
         Educational Agency who has decision making authority.  The Local Education Agency
         is responsible for scheduling the resolution meeting in consultation with the parent.  **The
         Student Hearing Office does not schedule or participate in resolution meetings.**

2.       The complaint notice was filed on _August 2,05_

3.       The deadline for the resolution meeting is _August 17,05_ unless the
         parent and Local Educational Agency agree in writing to waive such meeting, or agree to
         refer the case to a mediator for mediation.

## RESPONSE TO THE COMPLAINT

A.       **_Prior Written Notice Not Issued by the Local Educational Agency_**.  If the Local
         Educational Agency has not sent a prior written notice to the parent regarding the subject
         matter contained in the parent's due process complaint notice, the Local Educational
         Agency shall, within 10 days of receiving the complaint, send to the parent a response
         that shall include:

         1.       An explanation why the Local Educational Agency proposed or refused to take
                  action raised in the complaint;
         2.       A description of other options that the IEP Team considered and the reasons why
                  those options were rejected;
         3.       A description of each evaluation procedure, assessment, record, or report the
                  agency used as the basis for the proposed or refused action, and
         4.       A description of the factors that are relevant to the agency's proposal or refusal.

16

Rev'd. 7/6/05

B.  Prior written notice, if not already provided to the parent, must be sent by the Local Educational Agency to the complaining party no later than _*August 12, 05*_

C.  ***Deficiency Notice***. A complaint notice shall be deemed sufficient unless the party receiving the notice notifies the Student Hearing Office and the complaining party in writing, <u>within 15 days of receiving the notice of the complaint</u>, that the complaint does not satisfy the notice requirements specified in 20 U.S.C. 1415(b)(7)(A).

D.  The deadline for filing a deficiency notice is _*August 17, 05*_

## DUE PROCESS HEARING

Pursuant to 20 U.S.C. § 1415(f)(1)(B)(ii) if the Local Educational Agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all applicable time lines for scheduling a due process hearing will commence. A final hearing officer's decision must be issued within 45 days from the expiration of the 30-day resolution period.

## QUESTIONS AND INFORMATION

The staff with the Student Hearing Office does not provide legal advice. The parties should consult with legal counsel or other representative to answer any legal questions about your rights, duties, and responsibilities under the law. Information about the time, date, and location of the resolution meeting will be provided by the school or the Local Education Agency responsible for scheduling the meeting.

17

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*





# Due Process Complaint Disposition

- This form should be used by the parties to notify the Student Hearing Office about important information concerning the outcome of the resolution meeting.
- Please return to the Student Hearing Office of the District of Columbia Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002, Fax number 202/442-5556.

## STUDENT AND CASE INFORMATION:

Student Name: | Melissa Roark | Birth Date: | 9/23/90
First          MI          Last

SHO Case Number: |                | (if applicable)

## PARENT / GUARDIAN:

Name: | Mr. Robert Roark |

First                                                    Last

Complete Address: | 3215 Oliver St. NW
Washington, DC 20015 |

Phone: | (202) 966-5611 | | | | |
Home                    Work or alternative phone no.        Fax No. if applicable

## LOCAL EDUCATION AGENCY REPRESENTATIVE:

Full Name: | Breona T. Harrison | Title: | Compliant Resolution Spec. |

Address:

825 North Capitol NE
Washington, DC 2002

Phone: | (202) 442-4800 | | (202) 442-5517 |
Office                              Fax

SEID DRN Rev'd. 6/14/05

1

The complaint has been resolved and the parties have reached agreement to the satisfaction of the parent / guardian. The due process complaint notice and the request for a due process hearing should be dismissed and withdrawn. The parties are aware that the agreement may be voided by any party within 3 business days of the date the agreement is signed. The parties have agreed to wait at least 3 business days before filing this form with the Student Hearing Office.

The resolution session was unsuccessful. The case should proceed to a due process hearing.

The resolution session was unsuccessful. The parties have agreed to try mediation.

The parties mutually agree to waive the resolution session and request mediation and the assignment of a mediator to this case.

The parties mutually agree to waive the resolution session and request that this case proceed to a due process hearing on the merits.

The parent has failed to participate in a resolution meeting as required under the law. A due process hearing should not be scheduled until further notice

## J.    Signature and Affirmation:

I affirm that the information provided on this form is true and correct. I also affirm my receipt of the Procedural Safeguards Manual or I have waived my right to receive the Procedural Safeguards Manual.

_____    8·10·03
Signature of Parent/Guardian                         Date

_____    8/19/0    8/10/05
Local Educational Agency Representative         Date

**Mail, fax or deliver this form to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

__ PUBLIC        ___DPCS CHARTER        __ LEA CHARTER        _X_ NONPUBLIC        ___ PRIVATE/RELIGIOUS

## RESOLUTION MEETING NOTES

Meeting Confirmation Date: [          ]          Meeting Held: ~~8/9/05~~ 8/10/05

Student: Melissa Roarck          DOB: 9/23/90    School: Lab School

| PARTICIPANTS: (Print Name) | PARTICIPANTS (Sign Name) | POSITION |
|---|---|---|
| Breona T. Harrison | *Breona Harrison* | LEA |
| Robert Roark | | Father |
| Paula Rosenstock | *[signature]* | Attorney |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

[  ] Resolved          [X] Unresolved

The meeting began with introductions. The parent has received a copy of the procedural safeguards manual. The parent and the team have reviewed the complaint and do not have any questions regarding its contents. The parent is seeking relief by requesting that DCPS fund the student at McLean School. The attorney provided a copy of the letter dated June 16, 2005 in which funding was request. DCPS did not respond to this letter.

In an effort to resolve the matter, the District of Columbia Public School offered to hold an MDT/IEP meeting prior to the beginning of the 05/06 SY. At the meeting, placement will be discussed and a prior notice will be issued, and comp ed. discussed if necessary. The parent is seeking funding for McLean and feels that an LEA should have been present at the IEP that was held on March 10, 2005 at the Lab School. It is DCPS's position that placement discussion did not take place, and a meeting should be held to determine the appropriateness of McLean school. The parties could not reach an agreement. The meeting notes and the disposition was given to the parent and the attorney.

20

STATE EDUCATION AGENCY
SPECIAL EDUCATION
DISTRICT OF COLUMBIA PUBLIC SCHOOLS AND CHARTER SCHOOLS
825 North Capitol Street, N.E.
Washington, D.C. 20002-4232

**Caring for Our Students with Disabilities**
**A Procedural Manual for Parents**

**RECEIPT**

I, _____Robert Roark_____, received a copy of *A Procedural*
(Parent/Guardian Name)

*Manual for Parents* from _____Brian J Harrison_____ /Title_____
(Person Issuing Document)

at _____Central Office_____
(School)

_____8, 10, 05_____
(Date)

_____
Parent/Guardian Signature

(This receipt is to remain in a designated file in the school.)

1/1/2005

18

21

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**OFFICE OF ACADEMIC SERVICES**

## RESOLUTION MEETING CONFIRMATION
### (RMC)

_ PUBLIC         ___DPCS CHARTER         _ LEA CHARTER         _ NONPUBLIC         ___ PRIVATE/RELIGIOUS

**Melissa Roark**
Student

**September 23, 1990**
DOB

**The McLean School**
School

Dear **Mr. Robert Roark & Ms. Abby Arnold:**
          Parent/Guardian

Pursuant to the Individuals With Disabilities Education Improvement Act of 2004 § 615 (f)(1)(B), this is a confirmation of your meeting to discuss your pending due process complaint and the facts that support it. The goal of the resolution meeting is to discuss the complaint and provide an opportunity for DCPS to resolve it. The IDEA 2004 provides that prior to an impartial due process hearing a resolution meeting must be held within 15 (fifteen) days of your filing your complaint.    The resolution meeting must include the local education agency, DCPS and the parent of the child.

Therefore, your participation is required by IDEA 2004 and essential in an attempt to resolve your concerns. The District of Columbia Public Schools hopes that you will make every effort to attend this meeting.   As previously stated, the resolution meeting is required prior to a due process hearing.  Please be advised that failure to attend this meeting may result in a waiver of your right to due process hearing.

**The date, time and place of the meeting are printed below.**

**August 10, 2005**
Date

**9:00 am**
Time

**DCPS – Union Square**
**825 North Capitol Street., N.E. Sixth Floor**
**Washington, D.C. 20002**
**(202) 442-5509 or 442-4800**

<u>**Gina Scales-Johnson**</u>
**August 8, 2005**
Sent By

RMC Letter of Confirmation to the Parent
6-14-05

# STATE EDUCATION AGENCY
# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

In the Matter of:

_Melissa Roark_ )
)
)
)
**Petitioner** )
)
)
_DCPS_ Vs. )
)
)
**Respondent** )

BEFORE A SPECIAL EDUCATION

HEARING OFFICER

DISTRICT OF COLUMBIA
PUBLIC SCHOOLS

2005 AUG -5 AM 10: 55

OFFICE OF
SPECIAL EDUCATION

## SCHEDULING MEMORANDUM

1.    A due process complaint notice and request for due process hearing has been received by the Student Hearing Office in the State Enforcement & Investigation Division. Pursuant to 20 U.S.C. § 1415(f)(1)(B), prior to the opportunity for an impartial due process hearing, the Local Educational Agency shall convene a resolution meeting with the parent(s) and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint <u>within 15 calendar days of receiving notice of the parents' complaint</u>. The meeting shall include a representative of the Local Educational Agency who has decision making authority. The Local Education Agency is responsible for scheduling the resolution meeting in consultation with the parent. <u>**The Student Hearing Office does not schedule or participate in resolution meetings**</u>.

2.    The complaint notice was filed on _August 2,05_.

3.    The deadline for the resolution meeting is _August 17,05_ unless the parent and Local Educational Agency agree in writing to waive such meeting, or agree to refer the case to a mediator for mediation.

## RESPONSE TO THE COMPLAINT

A.    ___Prior Written Notice Not Issued by the Local Educational Agency___.  If the Local Educational Agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, the Local Educational Agency shall, <u>within 10 days of receiving the complaint</u>, send to the parent a response that shall include:

1.    An explanation why the Local Educational Agency proposed or refused to take action raised in the complaint;

2.    A description of other options that the IEP Team considered and the reasons why those options were rejected;

3.    A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and

4.    A description of the factors that are relevant to the agency's proposal or refusal.

23

Rev'd 7/6/05

B.    Prior written notice, if not already provided to the parent, must be sent by the Local

Educational Agency to the complaining party no later than _August 12, 05_

C.    ***Deficiency Notice***. A complaint notice shall be deemed sufficient unless the party receiving the notice notifies the Student Hearing Office and the complaining party in writing, <u>within 15 days of receiving the notice of the complaint</u>, that the complaint does not satisfy the notice requirements specified in 20 U.S.C. 1415(b)(7)(A).

D.    The deadline for filing a deficiency notice is _August 17, 05_

## DUE PROCESS HEARING

Pursuant to 20 U.S.C. § 1415(f)(1)(B)(ii) if the Local Educational Agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all applicable time lines for scheduling a due process hearing will commence. A final hearing officer's decision must be issued within 45 days from the expiration of the 30-day resolution period.

## QUESTIONS AND INFORMATION

The staff with the Student Hearing Office does not provide legal advice. The parties should consult with legal counsel or other representative to answer any legal questions about your rights, duties, and responsibilities under the law. Information about the time, date, and location of the resolution meeting will be provided by the school or the Local Education Agency responsible for scheduling the meeting.

24

## MICHAEL J. EIG AND ASSOCIATES, P.C.

ATTORNEYS AT LAW
SUITE 760
5454 WISCONSIN AVENUE
CHEVY CHASE, MARYLAND 20815-6938
(301) 657-1740

FACSIMILE (301) 657-3843

 # FAX  

| | |
|---|---|
| **To:** | Sharon Newsome |
| | **DCPS Student Hearing Office** |
| **Fax Number:** | (202) 442-5556 |
| **From:** | Michael J. Eig, Esq. |
| **Date:** | August 2, 2005 |
| **Time:** | 12:52 pm |
| **Total Pages:** (including cover) | **6** |
| **Re:** | Melissa Roark |

This facsimile contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us at (301) 657-1740 and ask to speak with the sender. Also, we would appreciate your forwarding the document back to us and destroying it. Thank you.

900/100'd  996Z#

State Education Agency for the District of Columbia
State Enforcement and Investigation Division (SEID)
Special Education Programs





# *Due Process Complaint Notice*

- The form is used to give notice of a complaint to the District of Columbia Public Schools, District of Columbia Public Charter School (DCPS or LEA) and/or parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office of the District of Columbia Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, D.C. 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting of a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Student Name: __Melissa Roark__                                Birth Date: __09/23/1990__

Address: __3215 Oliver Street, NW, Washington, D.C. 20015__

Present School of Attendance: __The McLean School__

Is this a charter school? __No__        (If yes, you must provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: __Robert Roark and Abby Arnold__

Address (if different from the student's above): __same as above__

Phone/Contact Number: __see below__   Fax Number (if applicable): __see below__

1

26

**B.    Individual Making the Complaint/Request for Due Process Hearing:**

Name:  ___Robert Roark and Abby Arnold_____

Complete Address:  _____same as above_____

_____

Phone: (h) _see below_____  (w) _see below___  (Fax) _see below___  (e-mail) _____

Relationship to Student:

☒  Parent              ☐  Legal Guardian              ☐  Parent Surrogate

☐  Self/Student        ☐  Local Education Agency (LEA)   ☐  Parent Advocate

**C.    Legal Representative/Attorney (if applicable):**

Name:  _____Michael J. Eig, Esq._____

Address:  ___Michael J. Eig and Associates, P.C._____

_____5454 Wisconsin Avenue, Suite 760, Chevy Chase, Maryland 20815

Phone: (h) ____N/A_____  (w) 301-657-1740 (Fax) 301-657-3843 (e-mail) _____

Will attorney / legal representative attend the resolution session?  ☒ Yes          ☐ No

**D.    Complaint Made Against (check all that apply):**

☒    DCPS school (name of the school if different from page one) Wilson High School_____
☐    Charter school (name of the charter school if different from page one) _____
☐    Non-public school or residential treatment facility (name) _____
☐    Parent

**E.    Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: all Parties must agree to waive the resolution meeting to avoid having this meeting.)

☐    I wish to waive the Resolution Session Meeting

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

☐    I am requesting mediation as an alternative to the resolution session meeting.
☐    I am requesting mediation and a due process hearing.
☐    I am requesting mediation **only** at this time.

SEID DPCN Rev'd 6/28/05                          2

900/£00'd 99£Z#

**G.    Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

1.    What is the nature of the problem, including the facts related to the problem, that will need to be addressed at a Resolution Session meeting, a Mediation Conference, and/or a Due Process Hearing?

The District of Columbia Public Schools ("DCPS") has identified Melissa as a student eligible for special education and related services under the IDEA 2004. Melissa has for years been funded by DCPS at the Lab School of Washington. Based on the opinions of those working with and evaluating Melissa, her parents determined that the McLean School would be a better educational fit, and secured her acceptance there.

We sent notice of Melissa's acceptance at the McLean School to the DCPS Placement Office on June 16, 2005, and requested that DCPS place and fund Melissa's placement at McLean School. To date, DCPS has failed to convene an IEP team to consider this request or to issue an alternate placement for the 2005-06 school year. In failing to propose a program and placement that can meet Melissa's needs, DCPS has denied her the free appropriate public education ("FAPE") that is her right under the IDEA.

2.    To the extent known to you at this time, how can this problem be resolved?

As a remedy for DCPS' procedural and substantive violations of the IDEA, the parents request that Melissa be placed and funded at the McLean School for the 2005-06 school year.

**H.    Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)    __N/A__
- Special Communication (please describe the type)    __N/A__
- Special Accommodations for Disability (please be specific)    __N/A__
- Other    __N/A__

**I.    Waiver of Procedural Safeguards:**

☐    I (parent/guardian) waive receiving a copy of the procedural safeguards at this time.

**J.    Signature and Affirmation:**

I affirm that the information provided on this form is true and correct.

| | |
|---|---|
| Signature of Parent or Guardian | Date |
| | 8-2-05 |
| Legal Representative / Advocate (if applicable) | Date |

28

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556

900/500 .d 9982#          MICHAEL J EIG & ASSOCIATES

### MICHAEL J. EIG AND ASSOCIATES, P.C.
ATTORNEYS AT LAW
SUITE 760
5454 WISCONSIN AVENUE
CHEVY CHASE, MARYLAND 20815-6938
(301) 657-1740

FACSIMILE (301) 657-3843

# GENERAL AUTHORIZATION

### April 22, 2005

This form, or any photostatic copy of it, authorizes any teacher, principal, registrar, or other school personnel, or any physician, psychiatrist, psychologist, nurse, hospital, and all medical and mental health attendants who have taught, counseled, treated, attended, or examined Melissa Roark, to furnish full and complete educational, attendance, medical, mental and social information requested by the undersigned to Michael J. Eig and Associates, P.C., my attorneys, or their designate, in their capacity as my attorneys in any special education or related appeals and proceedings. This form also authorizes Michael J. Eig and Associates, P.C., or their designate, to file for Due Process Hearing and take any and all actions related to such a filing. This authorization also includes the furnishing of information regarding my child's past, present, or future condition, the examination of all records, and the furnishing of any information, including opinions, which will aid Michael J. Eig and Associates, P.C. in pursuit of his/her case. Michael J. Eig and Associates, P.C. have been retained to represent me and my child, and to take all necessary steps on our behalf.

For the purposes of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), 42 U.S.C. § 1320d and its regulations, Michael J. Eig and Associates, P.C. shall serve as the Personal Representative for the purposes of obtaining any and all protected health information.

Your full cooperation with my attorneys is requested.

Parent/Guardian of
Melissa Roark
(D.O.B.  9-23-90)

30

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              3184
CONNECTION TEL              93016573843
SUBADDRESS
CONNECTION ID
ST. TIME             08/07 23:11
USAGE T              00'19
PGS. SENT            2
RESULT               OK
```

825 North Capitol St, NE
6th floor
Washington, DC 20002
Phone: 202-442-4800 (x5509)
Fax  202-442-5524



# Fax

| To: | Michael J. Eig, Esq., | From: | Gina Scales-Johnson |
|-----|----------------------|-------|---------------------|
| Fax: | (301) 657-3843 | Date: | August 8, 2005 |
| Phone: | (301) 657-1740 | Pages: | 2 |
| Re: | Melissa Roark | CC: | |

☐ Urgent    x For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

**•Comments: Courtesy Copy**

825 North Capitol St, NE
6ᵗʰ floor
Washington, DC 20002
Phone: 202-442-4800 (x5509)
Fax: 202-442-5524



# Fax

| To: | Michael J. Eig, Esq., | From: | Gina Scales-Johnson |
|---|---|---|---|
| Fax: | (301) 657-3843 | Date: | August 8, 2005 |
| Phone: | (301) 657-1740 | Pages: | 2 |
| Re: | Melissa Roark | CC: | |

☐ **Urgent**    x **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

•**Comments:  Courtesy Copy**

Private & Confidential

32

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
OFFICE OF ACADEMIC SERVICES

**RESOLUTION MEETING CONFIRMATION**
**(RMC)**

_ **PUBLIC**        ___**DPCS CHARTER**        _ **LEA CHARTER**        _ **NONPUBLIC**        ___ **PRIVATE/RELIGIOUS**

**Melissa Roark**
Student

**September 23, 1990**
DOB

**The McLean School**
School

**Courtesy Copy**
Dear **Mr. Robert Roark & Ms. Abby Arnold:**
Parent/Guardian

Pursuant to the Individuals With Disabilities Education Improvement Act of 2004 § 615 (f)(1)(B), this is a confirmation of your meeting to discuss your pending due process complaint and the facts that support it. The goal of the resolution meeting is to discuss the complaint and provide an opportunity for DCPS to resolve it. The IDEA 2004 provides that prior to an impartial due process hearing a resolution meeting must be held within 15 (fifteen) days of your filing your complaint. The resolution meeting must include the local education agency, DCPS and the parent of the child.

Therefore, your participation is required by IDEA 2004 and essential in an attempt to resolve your concerns. The District of Columbia Public Schools hopes that you will make every effort to attend this meeting. As previously stated, the resolution meeting is required prior to a due process hearing. Please be advised that failure to attend this meeting may result in a waiver of your right to due process hearing.

**The date, time and place of the meeting are printed below.**

**August 10, 2005**
Date

**9:00 am**
Time

**DCPS – Union Square**
**825 North Capitol Street., N.E. Sixth Floor**
**Washington, D.C. 20002**
**(202) 442-5509 or 442-4800**

<u>**Gina Scales-Johnson**</u>
**August 8, 2005**
Sent By

TRANSMISSION VERIFICATION REPORT

```
TIME  : 09/09/2005 07:57
NAME  : STUDENT HEARINGS OFF
FAX   : 2024425556
TEL   : 2024425432
SER.# : BROH3J608601
```

```
DATE,TIME            09/09  07:57
FAX NO./NAME         93016573843
DURATION             00:00:16
PAGE(S)              01
RESULT               OK
MODE                 STANDARD
                     ECM
```

# District of Columbia Public Schools
## *Office of Compliance*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



HEARING NOTICE

MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY

TO:   Parent (or Representative): _M. EIG_    Fax No.: _(301) 657-3843_

LEA Legal Counsel: _Q. HARRIS - LINDSEY_

RE:   _ROARK, MELISSA_    and (LEA) DOB: _9/23/90_
          Student's Name

FROM:   SHARON NEWSOME
          Special Education Student Hearing Office Coordinator

DATE SENT:   _9/8/05_

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
_8/2/05_ . Please be advised that the hearing has been scheduled for:

DATE: _10/3/05_

TIME: _1:00 pm_

34



**MICHAEL J. EIG AND ASSOCIATES, P.C.**
ATTORNEYS AT LAW
SUITE 760
5454 WISCONSIN AVENUE
CHEVY CHASE, MARYLAND 20815-6938
(301) 657-1740

─────

FACSIMILE (301) 657-3843

September 9, 2005

Sharon Newsome
Student Hearing Coordinator
District of Columbia Public Schools
Student Hearing Office
825 North Capitol Street, NE, 8th Floor
Washington, D.C. 20002

Re: **Melissa Roark**
*BY FACSIMILE & 1ˢᵗ CLASS MAIL*

Dear Ms. Newsome:

I am unavailable to attend the Due Process Hearing currently set for October 3rd at 1:00 P.M. in the above-referenced matter. We left a message for Ms. Harris-Lindsey this afternoon regarding my unavailability. Please be advised that my clients and I are available on October 6th or 7th in the morning and/or afternoon for rescheduling. If either of these dates are acceptable with your office, please submit a new notice confirming the new date and time. If these dates are not acceptable, please contact my office as soon as possible so that we may discuss alternative dates and times.

Thank you for your cooperation in this matter.

Sincerely,

Michael J. Eig

cc: Quinne Harris-Lindsey
    Bob Roark & Abby Arnold

MJE/aw

35

15031

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

In the Matter of:                         )         BEFORE A SPECIAL EDUCATION
_Melissa Roach_                           )
_____         )         INDEPENDENT HEARING OFFICER
**Petitioner**                            )
               Vs.                        )
_DCPS_                                    )         STATE EDUCATION AGENCY
_____         )
**Respondent**

## __INTERIM ORDER__

ON THIS DAY came on to be heard _____'s Motion For Continuance in the

above styled cause. After hearing the evidence and argument of counsel, the Motion For Continuance is:

_____ DENIED.

___✓___ GRANTED. **The hearing is reset for** __11__ **(A.M.) / P.M. on** __10 - 7_____ **, 2005**

The Hearing Officer finds there is good cause to grant the continuance because:

_____ The parties have agreed to this continuance and the parent has waived the right to receive a final decision within 45 days;

___✓___ Petitioner's legal representative is unavailable. Diligent efforts **have / have not** been made to avoid or eliminate the scheduling conflict;

_____ Assigned DCPS attorney-advisor unavailable. DCPS **has / has not** made diligent efforts to have an attorney-advisor available;

_____ Witness unavailable. The party **has / has not** made diligent efforts to secure the witness;

_____ Parent or student unavailable;

_____ Conflict in the schedule of the assigned hearing officer. The Student Hearing Office **has / has not** made diligent effort to secure a replacement and no other hearing officer is available;

_____ Insufficient time allotted for the hearing. The time that was allotted is **less than / equal to ( or more than)** the time requested by the parent;

_____ No hearing room available. The Student Hearing Office **has / has not** made diligent efforts to secure a hearing room;

_____ Movant did not receive prior notice of the hearing;

_____ Other: _____
_____
_____

**The hearing request was filed on _____. The 45-day deadline for issuance of a final Hearing Officer's Determination is extended for the specific number of days granted by the continuance. The new deadline for issuance of the final decision is _____,**

SIGNED this date __9-15-05__ ,

__09-15-05__                              _____
**Issue Date**                            **Independent Special Education Hearing Officer**

Original to SHO – Student's File
Copy To:     Parent - C/O: _____
             DCPS - C/O : _____
             Charter School - C/O: _____

36

2005 SEP 15 PM 2: 37



**MICHAEL J. EIG AND ASSOCIATES, P.C.**
ATTORNEYS AT LAW
SUITE 760
5454 WISCONSIN AVENUE
CHEVY CHASE, MARYLAND 20815-6938
(301) 657-1740

FACSIMILE (301) 657-3843



September 9, 2005

Sharon Newsome
Student Hearing Coordinator
District of Columbia Public Schools
Student Hearing Office
825 North Capitol Street, NE, 8th Floor
Washington, D.C. 20002

Re: **Melissa Roark**
*BY FACSIMILE & 1ST CLASS MAIL*

Dear Ms. Newsome:

I am unavailable to attend the Due Process Hearing currently set for October 3rd at 1:00 P.M. in the above-referenced matter. We left a message for Ms. Harris-Lindsey this afternoon regarding my unavailability. Please be advised that my clients and I are available on October 6th or 7th in the morning and/or afternoon for rescheduling. If either of these dates are acceptable with your office, please submit a new notice confirming the new date and time. If these dates are not acceptable, please contact my office as soon as possible so that we may discuss alternative dates and times.

Thank you for your cooperation in this matter.

Sincerely,

Michael J. Eig /aw

cc: Quinne Harris-Lindsey
Bob Roark & Abby Arnold

MJE/aw

37

TRANSMISSION VERIFICATION REPORT

```
                              TIME  : 09/15/2005 14:02
                              NAME  : STUDENT HEARINGS OFF
                              FAX   : 2024425556
                              TEL   : 2024425432
                              SER.# : BROH3J608601
```

```
DATE,TIME              09/15  14:02
FAX NO./NAME           93016573843
DURATION               00:00:27
PAGE(S)                03
RESULT                 OK
MODE                   STANDARD
                       ECM
```

## District of Columbia Public Schools
### *Office of Compliance*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor,
Washington, D.C. 20002
FAX: (202) 442-5556



### *FACSIMILE SHEET*

Date: *O9 - 15 - 05*

TO: *M. Eig*

FROM: STUDENT HEARING OFFICE

RE: *HOD - Melissa Roark*

TOTAL NUMBER OF PAGES, INCLUDING COVER:

38

# District of Columbia Public Schools
## *Office of Compliance*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor,
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: *09-15-05*

TO: *M. Eig*

FROM: STUDENT HEARING OFFICE

RE: *HOD- Melissa Roark*

TOTAL NUMBER OF PAGES, INCLUDING COVER:


COMMENTS:


*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

39

```
TRANSMISSION VERIFICATION REPORT
```

```
                              TIME  : 09/16/2005 14:41
                              NAME  : STUDENT HEARINGS OFF
                              FAX   : 2024425556
                              TEL   : 2024425432
                              SER.# : BROH3J608601
```

| | |
|---|---|
| DATE,TIME | 09/16  14:40 |
| FAX NO./NAME | 93016573843 |
| DURATION | 00:00:16 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

# District of Columbia Public Schools
## *Office of Compliance*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556

✗ *REVISED COPY*

HEARING NOTICE

MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY

TO:  Parent (or Representative): _M. EIG_          Fax No.: _(301) 657-1740_

LEA Legal Counsel: _Q. HARRIS-LINDSEY_

RE:  _ROARK, MELISSA_          and (LEA)  DOB: _____
      Student's Name

FROM:  **SHARON NEWSOME**
       Special Education Student Hearing Office Coordinator

DATE SENT: _9/16/05_

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
_____. Please be advised that the hearing has been scheduled for:

DATE: _10/7/05_          *Con't f*

TIME: _11:00 Am_          *10/3/05*

40

# MICHAEL J. EIG AND ASSOCIATES, P.C.

ATTORNEYS AT LAW
SUITE 760
5454 WISCONSIN AVENUE
CHEVY CHASE, MARYLAND 20815-6938
(301) 657-1740

FACSIMILE (301) 657-3843

September 29, 2005

Quinne Harris-Lindsey, Esq.
District of Columbia Public Schools
Office of the General Counsel
825 North Capitol Street, NE, 9th Floor
Washington, D.C. 20002

Re: **Melissa Roark/DCPS**
*By Overnight Mail*

Dear Ms. Harris-Lindsey:

For the upcoming Due Process Hearing scheduled for October 7, 2005 at 11:00 A.M., regarding the above-referenced student we will be relying upon the following enclosed documents:

| | |
|---|---|
| MR-1. | Request for Mediation/Due Process Hearing, 8-2-05; |
| MR-2. | DC Verification Form, 7-22-05; |
| MR-3. | Letter to Sharon Woodson from Michael Eig, 6-16-05; |
| MR-4. | McLean School Brochure-Upper School Program; |
| MR-5. | Lab School Final Report Card, 2004-2005; |
| MR-6. | Lab School Final High School Report, 2005; |
| MR-7. | Lab School Tutoring Report from Desdra Horwitz, 1-05; |
| MR-8. | Lab School Annual Speech/Language Progress Report, 11-04; |
| MR-9. | Lab School Individual and Group Psychotherapy Progress Report, 2-05; |
| MR-10. | SSAT Report, 1-8-05; |
| MR-11. | Lab School IEP Documents for 2005-06 SY, 3-10-05; |
| MR-12. | Lab School IEP Documents for 2004-05 SY, 5-24-04; |
| MR-13. | Lab School IEP Documents for 2003-04 SY, 5-20-03. |

We will be relying upon the following witnesses:

| | |
|---|---|
| 1. | Robert Roark & Abby Arnold, parents; |
| 2. | Richard Meltzer, High School Coordinator, Lab School of Washington, (*in-person or by telephone conference*); |
| 3. | Karen F. Duncan, Academic Director, Lab School of Washington, (*in person or by telephone conference*); |
| 4. | Andrew Ship, Counselor of Upper School, The McLean School (*in person or by telephone conference*). |

41

**MICHAEL J. EIG AND ASSOCIATES, P.C.**

September 29, 2005
RE: Roark, M.
*Page Two*

      Please be advised that we may also rely on any documents and witnesses disclosed by DCPS, as well as any other documents and witnesses to which DCPS does not object. We will object to any documents or testimony from witnesses not disclosed in a timely manner in accordance to the IDEA and federal regulations.

Sincerely,

Michael J. Eig

cc:    Student Hearing Office (*with enclosures*)
       Mr. Roark & Ms. Arnold

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**

FAXED

AUG 2 2005

# *Due Process Complaint Notice*

- The form is used to give notice of a complaint to the **District of Columbia Public Schools, District of Columbia Public Charter School (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The complaint must describe an alleged violation that occurred not more that two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office of the District of Columbia Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, D.C. 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting of a Due Process Hearing.

A. **INFORMATION ABOUT THE STUDENT:**

Student Name:  Melissa Roark                    Birth Date:  09/23/1990

Address:  3215 Oliver Street, NW, Washington, D.C. 20015

Present School of Attendance:    The McLean School

Is this a charter school?  No         (If yes, you must provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student:  Robert Roark and Abby Arnold

Address (if different from the student's above):    same as above

Phone/Contact Number:    see below        Fax Number (if applicable):    see below

**EXHIBIT**

**MR-1**

43

1

**B.**    **Individual Making the Complaint/Request for Due Process Hearing:**

Name:    Robert Roark and Abby Arnold

Complete Address:                same as above

Phone: (h)   see below    (w)   see below    (Fax)   see below    (e-mail) 

Relationship to Student:

☒    Parent                ☐    Legal Guardian                ☐    Parent Surrogate

☐    Self/Student            ☐    Local Education Agency (LEA)        ☐    Parent Advocate

**C.**    **Legal Representative/Attorney (if applicable):**

Name:      Michael J. Eig, Esq.

Address:    Michael J. Eig and Associates, P.C.

            5454 Wisconsin Avenue, Suite 760, Chevy Chase, Maryland 20815

Phone: (h)      N/A      (w) 301-657-1740  (Fax) 301-657-3843  (e-mail) 

Will attorney / legal representative attend the resolution session?   ☒ Yes        ☐ No

**D.**    **Complaint Made Against (check all that apply):**

☒    DCPS school (name of the school if different from page one) Wilson High School
☐    Charter school (name of the charter school if different from page one) 
☐    Non-public school or residential treatment facility (name) 
☐    Parent

**E.**    **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note: all Parties must agree to waive the resolution meeting to avoid having this meeting.)

☐    I wish to waive the Resolution Session Meeting

**E.**    **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

☐    I am requesting mediation as an alternative to the resolution session meeting.
☐    I am requesting mediation and a due process hearing.
☐    I am requesting mediation **only** at this time.

44

## G.    **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

1.    What is the nature of the problem, including the facts related to the problem, that will need to be addressed at a Resolution Session meeting, a Mediation Conference, and/or a Due Process Hearing?

The District of Columbia Public Schools ("DCPS") has identified Melissa as a student eligible for special education and related services under the IDEA 2004. Melissa has for years been funded by DCPS at the Lab School of Washington. Based on the opinions of those working with and evaluating Melissa, her parents determined that the McLean School would be a better educational fit, and secured her acceptance there.

We sent notice of Melissa's acceptance at the McLean School to the DCPS Placement Office on June 16, 2005, and requested that DCPS place and fund Melissa's placement at McLean School. To date, DCPS has failed to convene an IEP team to consider this request or to issue an alternate placement for the 2005-06 school year. In failing to propose a program and placement that can meet Melissa's needs, DCPS has denied her the free appropriate public education ("FAPE") that is her right under the IDEA.

2.    To the extent known to you at this time, how can this problem be resolved?

As a remedy for DCPS' procedural and substantive violations of the IDEA, the parents request that Melissa be placed and funded at the McLean School for the 2005-06 school year.

## H.    **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- • Interpreter (please specify the type) ___N/A_____
- • Special Communication (please describe the type) _N/A_____
- • Special Accommodations for Disability (please be specific) _N/A_____
- • Other ___N/A_____

## I.    **Waiver of Procedural Safeguards:**

☐    I (parent/guardian) waive receiving a copy of the procedural safeguards at this time.

## J.    **Signature and Affirmation:**

I affirm that the information provided on this form is true and correct.

_____    _____
Signature of Parent or Guardian                    Date

_____    __8·2-05_____
Legal Representative / Advocate (if applicable)        Date

45

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

*To Be Determined*
Name of Private School

## DC RESIDENCY VERIFICATION FORM
(To be completed by the Student Residency Office Staff Only)

I hereby certify that ___Robert M. Roark___, s.s. # ___N/A___, parent/caregiver
Parent or Caregiver Name                     (if available)

of ___Melissa Roark___, ___3215 Oliver St., NW WDC 20015___
Student Full Name                     Current DC Home Address

___2/966 5611___ presented the following document(s) evidencing his/her District of Columbia residency:
Telephone No. (if applicable)

**(A)  One (1) of the following items suffices to establish DC residency.**

_____ A **pay stub**, with an issue date within the past forty-five (45) days, that contains the name of the person enrolling the student, shows his/her current DC home address, _and_ withholding of DC personal income tax for the current tax year; or

_____ Official documentation of **financial assistance** from the Government of the District of Columbia and issued to the person enrolling the student within the past twelve (12) months, including, but not limited to, Temporary Assistance for Needy Families (TANF), Medicaid, the State Child Health Insurance Program (SCHIP), housing assistance or other programs; or

_____ **Supplemental Security Income** annual benefits notification issued to the person enrolling the student within the past twelve (12) months and indicating his/her current DC home address; or

_____ A **tax information authorization waiver form** certified by the DC Office of Tax and Revenue, with the name of the person enrolling the student and evidence of payment of DC taxes for tax year 2003; or

_____ Unexpired **official military housing orders** showing the student's name, the name of the person enrolling the student, and their current DC home address; or

_____ **Proof that the child is a ward of the District of Columbia**, in the form of either (a) a letter from a placement agency or a social worker acting on behalf of the Child and Family Services Agency, or (b) a court order; or

_____ **Embassy letter**, with an issue date after July 1, 2004, showing the name of the person enrolling the student, a statement indicating that the person enrolling the student and the student live on embassy property in the District of Columbia, and an official embassy seal.

**(B)  Or, in the absence of items listed above, two (2) of the items listed below will suffice as proof of residency in DC.  The address and name on each of the below items must be the same.**

✓ Unexpired **DC motor vehicle registration** showing the name of the person enrolling the student and his/her current DC home address;

_____ An unexpired **lease or rental agreement** _with_ receipts for payment or canceled checks for payment of rent for a period within two (2) months immediately preceding consideration of residency, for the current DC address at which the student actually resides;

✓ An unexpired **DC motor vehicle operator's permit** or official government issued non-driver identification in the name of the person enrolling the student showing his/her current DC home address; or

_____ One **utility bill** (only gas, electric, and water bills are acceptable) with the name of the person enrolling the student, current DC home address, and _with_ receipt of payment or cancelled check for payment of the bill.  The receipt of payment or canceled check must be from a period within the two (2) months immediately preceding consideration of residency.

EXHIBIT
MR-2

DENT RESIDENCY OFFICE

05 JUL 22 AM 11: 30

DISTRICT OF COLUMBIA PUB...

**Other primary caregivers:**

_____ If the person enrolling the student is an other primary caregiver, he/she has provided proof of caregiver status in accordance with the Residency Verification Rules.  Other primary caregivers must also establish DC residency as required above.

_School Official's Signature_     7/22/05     _Date_     47

Rev.05/04