IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELISSA ROARK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | C.A. No. 05-2383 (JDB) |

## DECLARATION OF KAREN DUNCAN

Karen Duncan declares and says as follows:

1. I am the Academic Director of the Lab School of Washington. I make this declaration at the request of and for use by the attorneys representing Melissa Roark ("Melissa") and her parents in special education matters. The matters discussed herein are from my personal knowledge.

2. I am a certified special educator in the District of Columbia. I have taught at and served as administrator at Lab School since June 1978.

3. Lab School is a nonpublic full-time special education day school for students with learning disabilities.

4. I first became familiar with Melissa Roark when the admissions team considered her application to Lab School, and remained familiar with her until she left the school at the end of the 2004-05 school year. At the time of her admission, and while Melissa was a Lab School student, I was familiar with Melissa's educational file, including her evaluations and progress reports.

5. From my knowledge of Melissa, I recognize that she has special education needs that require specialized and individualized attention and support. The findings detailed in the Lab School written reports are consistent with my opinions of her needs, and at the time those reports were prepared, I was in agreement with the evaluators' recommendations regarding appropriate educational programming and placement for Melissa.

6. At Lab School, we develop annual Individualized Education Program ("IEPs") for each of our students. For each student who receives funding through a public school system, it is our practice to invite a representative or representatives from that school system to the annual IEP meetings.

7. We developed Melissa's IEP for the 2005-06 school year on March 10, 2005. Since she received funding from the District of Columbia Public School system ("DCPS"), we invited a representative from DCPS to attend that meeting. No representative from DCPS attended this meeting.

8. Melissa's parents shared with Lab School staff that they believed that Melissa was ready to move to a less restrictive school placement, one that could still provide her with the special education supports she required, but in an environment in which she could be mainstreamed with nondisabled peers. They relinquished Melissa's space at Lab School for the 2005-06 school year, and our school subsequently filled this space with another student, prior to the start of the 2005-06 school year.

9. Each year, Lab School staff send DCPS a list of all DCPS-funded students who will be returning for the following school year. As is our practice, we submitted this list to DCPS for the 2005-06 school year, and Melissa's name was not on this list.

10. To my knowledge, no DCPS representative ever contacted Lab School to question Melissa's removal from the school roster, to inquire whether she would still be appropriately placed at Lab School, nor to inquire whether space remained for her for the 2005-06 school year.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on   5/23/06

Karen Duncan