IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELISSA ROARK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants. | C.A. No. 05-2383 (JDB) |

**STATEMENT OF MATERIAL FACTS AS TO WHICH
THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7.1(h), plaintiffs submit this statement of material facts as to which there is no genuine issue:

1. Melissa Roark was born on September 23, 1990. Complaint ¶6; Answer ¶6; R. 2. She has educational disabilities that impact her ability to succeed in school, and District of Columbia Public Schools ("DCPS") has therefore found her eligible to receive special education and related services under the Individuals with Disabilities Education Act ("IDEA"). Complaint ¶7; Answer ¶7; R. 2.

2. For several years, and through the end of the 2004-05 school year, DCPS funded Melissa in a placement at The Lab School of Washington ("Lab School"). Complaint ¶8; Answer ¶8; R. 2.

3. Lab School is a nonpublic, full-time special education day program for students with disabilities. Complaint ¶9; Answer ¶9; Declaration of Karen Duncan. All students at Lab School have educational disabilities, and all have Individualized Education Programs ("IEPs"), under which they receive special education and related services. R. 2; Declaration of Ms. Duncan

at ¶6. The services that Melissa received at Lab School enabled her to succeed during her time there. Complaint ¶11; Answer ¶11.

4. During the 2004-05 school year, Melissa and her parents began to question whether she required as restrictive an environment as a full-time placement, in which she had no opportunity but to be out of the mainstream environment, away from any non-disabled peers, for all of her schooling. R. 45 and 48.

5. At an IEP meeting on March 10, 2005, Lab School convened an educational team to discuss Melissa's progress and her needs for the 2005-06 school year, as it does for all of its students. R. 20; Declaration of Ms. Duncan at ¶7. DCPS was invited to attend this meeting. Declaration of Ms. Duncan at ¶7. However, in contravention of the IDEA, no representative from DCPS attended this meeting, so DCPS was not present to hear the discussion about Melissa's possible need for a change. *Id.*

6. Upon the advice of educators and experts working with Melissa, the family began to search for a less restrictive environment, for the next school year; they sought a placement in which Melissa could be educated in a more mainstream setting, but still receive a high degree of individualization and structure, in small classes with a low student:teacher ratio. They identified The McLean School ("McLean"), a nonpublic day school in the Washington Metropolitan area, as a placement that could deliver these types of services, in this type of environment. R. 45, 48 and 183. Melissa was subsequently accepted by McLean for the 2005-06 school year. *Id.*

7. On June 16, 2005, the parents, through counsel, sent a letter to DCPS, advising that they believed that Melissa needed a change in placement, and that she would be appropriately

placed at McLean. Complaint ¶12; Answer ¶12; R. 48. By this letter, they asked DCPS to place and fund Melissa at McLean for the 2005-06 school year.

8. The parents relinquished Melissa's space at Lab School for the 2005-06 school year, which Lab School subsequently filled with another student. Complaint ¶12; R. 61; Declaration of Ms. Duncan at ¶8. Lab School also advised DCPS that Melissa would not be returning, via its annual submission to the school system of a list of DCPS-funded students. Declaration of Ms. Duncan at ¶9.

9. DCPS was required to respond to the parents' request for placement and funding at McLean, and to continue to ensure that Melissa received a Free Appropriate Public Education ("FAPE"). Complaint ¶14; Answer ¶14. However, despite the parents' request, DCPS failed to hold an IEP meeting to determine whether Melissa, indeed, was ready for a change to a less restrictive placement, and, to identify a 2005-06 placement that could meet her need. In fact, DCPS failed to respond *in any way* to the parents' request for change in placement, thereby violating the IDEA and denying Melissa a FAPE for the 2005-06 school year. Complaint ¶15; Answer ¶15; R. 184.

10. With no other alternatives, at the start of the 2005-06 school year, the Roark family unilaterally enrolled Melissa at McLean. R. 3. She has benefitted thus far from her placement there. R. 183-84.

11. To appeal DCPS' denial of a FAPE to Melissa, the parents requested a due process hearing on August 2, 2005. R. 43-46. A hearing was scheduled for October 7, 2005. R. 40.

12. Prior to the hearing date, the parents, through counsel, submitted a Motion for Pre-hearing Summary Decision. R. 175-81. DCPS responded by submitting an Agency Briefing in

which it asked the Hearing Officer to dismiss the parents' appeal. R. 186-89, and the parents subsequently responded to the Agency Briefing. R. 190-94. The Hearing Officer ruled on the Motion without taking any witness testimony. Complaint ¶18; Answer ¶18; R. 175, 186 and 191.

13. In his decision, dated November 14, 2005, the Hearing Officer determined that the parents were not entitled to placement and funding of Melissa at McLean. Complaint ¶19; Answer ¶19; R. 7. The Hearing Officer held that the parents had neither alleged nor demonstrated that the 2005-06 IEP developed by Lab School was inappropriate, nor that Lab School was unable to implement Melissa's 2005-06 IEP. Complaint ¶20; Answer ¶20; R.6. And, without such a showing, the Hearing Officer held that DCPS was under no obligation to move Melissa to another school. Complaint ¶21; Answer ¶21.

14. The Hearing Officer also held that the parents never asked DCPS to convene an educational planning team to discuss their concerns either about the implementation of Melissa's 2005-06 IEP at Lab School, or about her placement there. Complaint ¶22; Answer ¶22; R. 3.

Respectfully submitted,

/s/ (filed electronically)
Michael J. Eig        #912733

/s/ (filed electronically)
Haylie M. Iseman      #471891
MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740

Counsel for Melissa Roark and her parents