UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MELISSA ROARK, et al.,** | : | |
| Plaintiffs | : | |
| v. | : | Civ. Action No. 05-2383 (JDB) |
| **DISTRICT OF COLUMBIA, et al.,** | : | |
| Defendants. | : | |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Plaintiffs' motion for summary judgment filed May 24, 2006, did not include a statement of material facts. Defendants filed a cross motion for summary judgment and opposition on June 22, 2005. Defendants herewith respond to Plaintiffs' Statement of Material Facts as to which there is no Genuine Issue ("Statement") filed June 27, 2006. Paragraph numbers correspond to the paragraph numbers in Plaintiffs' Statement.

1. Not disputed.

2. Not disputed.

3. Not disputed as to sentences one and three. Sentence two is unsubstantiated by the record. Plaintiffs cite page 2 of the administrative record and the declaration of Ms. Duncan to support the allegation in sentence two that "**all** students at the Lab School have educational disabilities, and **all** have individualized Education Programs." However, those cited references do not support this allegation. Defendants are unable to find any information in the administrative record to support this allegation. Therefore, Defendants must dispute the allegation at this time.

4. Defendants have no way of knowing what Plaintiffs "began to question." The cited references do not support this alleged fact. Therefore, Defendants must dispute this alleged fact at this time.

5. Not disputed as to sentence one, although the cited reference, "R. 20," does not support this fact. Not disputed that the Declaration of Ms. Duncan <u>says</u> that DCPS was invited to attend the IEP meeting but did not attend. However, there is nothing in the administrative record that shows DCPS was invited to the IEP meeting or who actually participated in the March, 2005 IEP. *See AR, p. 83*. The participant page is blank.

6. There is no evidence in the administrative record to support the alleged fact in sentence one. Plaintiffs have mentioned these "educators and experts" before but have not identified them, nor presented any evaluations performed by them that would show that the student should be placed in a less restrictive environment. Without any facts to support this allegation, Defendants dispute the allegation in sentence one. Not disputed that McLean School is a nonpublic day school in the Washington Metropolitan area, but since Plaintiffs have not specified the "services" and "environment" they were seeking, Defendants have no way of knowing whether McLean School can provide these items. Not disputed that the student was accepted by the Mclean School for the 2005-2006 school year.

7. Not disputed that the June 16, 2005 letter advised DCPS that the parents believed the student needed a change in placement. However, Defendants dispute the appropriateness of placing the student at the McLean School. The student was doing

    well at the Lab School. No change in placement was necessary for the student's educational benefit. *AR, pp 59-69*. Not disputed as to sentence two.

8. Not disputed as to sentence one. Not disputed that the declaration of Ms. Duncan <u>says</u> DCPS was notified that the student would not be returning to the Lab School. However, the administrative record and Ms. Duncan are silent as to the specific date DCPS was notified of this fact.

9. Defendants do not dispute that they are required to provide FAPE to the student, but dispute the remaining allegations in this paragraph. The remaining allegations in paragraph 8 are not facts at all; they are conclusion of law, which must be decided by the Court.

10. Not disputed that Plaintiffs unilaterally enrolled the student at the McLean School, and that the student has benefited from the placement there. Defendants dispute that Plaintiffs had no alternative but to send the student to McLean. Had Plaintiffs not removed the student from the Lab School, where she was doing well, she would have been able to return to the Lab School for the 2005-2006 school year.

11. Not disputed that Plaintiffs requested a due process hearing on August 2, 2005, and a hearing was scheduled for October 7, 2005. Defendants dispute that DCPS denied the student FAPE. This allegation is not a fact, but a conclusion of law, which the Court must determine.

12. Not disputed.

13. Not disputed.

14. Not disputed.

                         Respectfully submitted,

                         ROBERT J. SPAGNOLETTI
                         Attorney General for the District
                           of Columbia

                         GEORGE C. VALENTINE
                         Deputy Attorney General
                         Civil Litigation Division

                         */s/ Edward P. Taptich*_____
                         EDWARD P. TAPTICH (012914)
                         Chief, Equity Section 2


                         /s/  *Veronica A. Porter*_____
                         VERONICA A. PORTER (412273)
                         Assistant Attorney General
                         441 4th St., N.W., Sixth Floor South
                         Washington, D.C. 20001
                         (202) 724-6651


**June 30, 2006**