IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MELISSA ROARK, *et al.*,

    Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

C.A. No. 05-2383 (JDB)

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Plaintiffs hereby submit this response to Defendants' Statement of Material Facts as to Which There Is No Genuine Issue. Paragraph numbers correspond to the paragraph numbers in Defendants' Statement:

1. Not disputed.
2. Not disputed.
3. Not disputed.
4. Not disputed.
5. Not disputed.
6. Not disputed.
7. Not disputed.
8. Not disputed.
9. Not disputed.
10. Not disputed.
11. Not disputed.

12. Not disputed.

13. Not disputed.

14. Not disputed.

15. Disputed. This is a mischaracterization of the letter of June 16, 2005, which speaks for itself.

16. Disputed. This is a mischaracterization of the letter of June 16, 2005, which speaks for itself.

17. Not disputed.

18. Not disputed.

19. Not disputed, although plaintiffs would note that the DCPS Student Hearing Office makes a practice of unilaterally scheduling hearings, without ascertaining the availability of parents or their counsel. Because plaintiffs were unavailable, they requested a continuance of a few days, and offered available alternatives, and a Hearing Officer granted this request.

20. Disputed. The parents submitted their Motion for Summary Decision (R. 175-85) on October 24, 2005, per the agreement of the parties (R. 174), but DCPS failed to file the agreed-upon cross-motion. Instead, DCPS filed an "Agency Briefing" on October 27, 2005 (R. 186-87), to which the parents submitted a reply, by the agreed-upon deadline of October 28, 2005 (R. 191-94).

21. Not disputed, though plaintiffs note that the Hearing Officer dismissed the case on Summary Judgment, without regard to some significant issues of material fact that apparently remained, which the Hearing Officer resolved by guessing, rather than ordering the case to a fact-finding hearing. The two facts of significance, which proved dispositive are:
    a) whether Lab School and McLean offer similarly restrictive educational settings;
    b) whether a space remained at Lab School at the time of the parents' appeal.

Respectfully submitted,

/s/ (filed electronically)
Michael J. Eig    #912733

        /s/ (filed electronically)
Haylie M. Iseman    #471891
MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740

Counsel for Melissa Roark and her parents