UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELISSA ROARK, et al., | : |
| Plaintiffs | : |
| v. | : Civ. Action No. 05-2383 (JDB) |
| DISTRICT OF COLUMBIA, et al., | : |
| Defendants. | : |

**DEFENDANTS' REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT**

Defendants, by counsel, reply herewith to "Plaintiffs' Memorandum in Opposition to Defendants' Cross-Motion for Summary Judgment" filed herein July 10, 2006 ("Opposition").

**PRELIMNINARY STATEMENT**

In their June 22, 2006 cross-motion for summary judgment, Defendants argued (1) that Plaintiffs never expressed any concern regarding the Lab School's ability to implement the student's individualized education plan ("IEP") prior to unilaterally placing her in the McLean School, *Defendants' Motion, pp. 12-13*; (2) that Defendants' failure to respond to Plaintiffs' June 16, 2005 letter amounted to a procedural violation that did not result in a denial of a free appropriate public education ("FAPE"), *Defendants' Motion, pp. 13-16*; (3) that in accordance with applicable laws, the Hearing Officer based his decision upon the evidence presented, regardless of the party that submitted the evidence, *Defendants' Motion, pp. 16-19;* and (4) that Plaintiffs are not entitled to tuition reimbursement at the McLean School because Defendants provided the student with FAPE prior to that enrollment, *Defendants' Motion, pp. 19-22*.

For the reasons set forth below, Plaintiffs' responses to Defendants' arguments are without merit. Accordingly, Plaintiffs' summary judgment motion must be denied.

## ARGUMENT

**I. The Hearing Officer's Determination was Based Upon the Evidence Presented.**

Both parties agreed that the Hearing Officer's Determination ("HOD") would be based upon submissions of cross-motions for summary decision in lieu of a hearing. *AR, p. 174.* However, in light of the unfavorable HOD, Plaintiffs now argue that the Hearing Officer should have convened a hearing to hear additional evidence not submitted in the motions or in the five-day disclosure notice provided by Plaintiffs. *Opposition, pp. 3-4.*

**A. The Hearing Officer was never informed that the McLean School was a general education school.**

Plaintiffs argue that the Hearing Officer's failure to distinguish between the full-time special education setting at the Lab School and the general education setting—Plaintiffs' characterization—at the McLean School violates the mandate that the student be placed in the least restrictive environment. Had the Hearing Officer made this distinction, Plaintiffs argue, the student would have been placed at the McLean School—the least restrictive environment. *Opposition, p. 3.* However, Plaintiffs also failed to make this distinction, if it is indeed true, and the Hearing Officer could base his determination only on the information submitted by both parties, as the parties requested.

The only information the Hearing Officer received about the McLean School is the school's brochure, submitted as Plaintiffs' Exhibit "MR4," *Administrative Record ("AR"), pp. 49-58,* and the Declaration of Elizabeth McConnell, submitted by Plaintiffs as an exhibit to their "Motion for Pre-Hearing Summary Decision," *AR, pp. 183-184.* Neither of these exhibits states that the McLean School is a general education program. Indeed, Ms. McConnell's Declaration

states that "McLean School is a nonpublic day school that **specialized in serving the educational needs of students with learning disabilities**. *AR, p. 183*.

Moreover, Plaintiffs' argument—that the student should be placed in the McLean School because it is the least restrictive environment—was never presented to the Hearing Officer in either Plaintiffs' motion for pre-hearing summary decision, *AR, pp. 175-181*, or their "Reply to DCPS Agency Briefing," *AR, pp 190-194*.

If Plaintiffs are now arguing that the student should be placed in the least restrictive environment and the student is capable of succeeding academically in a general education setting—again, arguments not made to the Hearing Officer—the least restrictive environment would be a District of Columbia Public School or District of Columbia public charter schools, followed by a private or residential District of Columbia facility, followed by a facility outside of the District of Columbia, in that order. *See 38 D.C. Code §2501(c)*. Thus, DCPS would be required to consider a student's neighborhood school first, the next closest neighborhood school, public citywide center programs, and private schools located in the District of Columbia before seeking placement outside the District of Columbia. Placement at the McLean School, which is located in Potomac, Maryland, would have been the last option had the Hearing Officer considered the least restrictive environment mandate.

Plaintiffs submitted no information showing that the McLean School provided a general education environment. This Court has held that it cannot hear an issue that was not first raised at the administrative level.

> To the extent that plaintiff appears to challenge the failure to notify, however, the court cannot take up an issue that was not presented before the hearing officer. See Shaw v. Dist. of Columbia, 238 F.Supp.2d 127, 140 (D.D.C. 2002) (citing Cox v. Jenkins, 878 F.2d 414, 420 (D.C.Cir. 1989)). Absent "allegation[s] that an attempt was made to raise this issue before the hearing officer [who] declined to consider it" and "absent a showing that exhaustion would be futile or inadequate, a party must pursue all administrative

3

avenues of redress under the IDEA before seeking judicial review under the Act." Id. (citations omitted).

Herbin ex rel. Herbin v. District of Columbia, 362 F.Supp.2d 254, 263 (D.D.C., 2005)

Since both parties agreed that the HOD would be based upon the motions and documents presented, the Hearing Officer was not obligated to convene a hearing to independently ascertain additional facts which Plaintiffs have now decided would have been to their advantage, and would have resulted in a favorable decision.

### B. The Hearing Officer was never informed that the Lab School did not reserve a space for the student.

Plaintiffs argue that DCPS' placement proposal was "hypothetical" because the Lab School did not reserve a space for the student for the 2005-2006 school year. *Opposition, p. 4.* However, that information was never presented to the Hearing Officer. The student's March 10, 2005 IEP indicated that the Lab School fully expected the student to attend the school for the upcoming school year. *AR, p. 107 "School to attend, Lab School of Washington."* Plaintiffs never argued in either of their motions submitted to the Hearing Officer or in any of the 13 exhibits provided to the Hearing Officer that the Lab School did not reserve a space for the student. See Herbin, *supra.*

Once again, Plaintiffs are faulting the Hearing Officer for not convening a hearing to ascertain additional information. Had the Hearing Officer convened a hearing, they argue, he would have learned that the Lab School had no place for the student.

Since both parties agreed that the HOD would be based upon the motions and documents presented, the Hearing Officer had to make decision based upon the information presented to him at the time. The information the Hearing Officer had at the time he made his determination

was that the student performed well academically at the Lab School, and that the Lab School expected her to return for the 2005-2006 school year.

### C. The Hearing Officer has not mischaracterized Plaintiffs' June 16, 2005 letter.

Plaintiffs argue that their June 16, 2005 letter "*request[ed]* a change in placement," and that this "request" served as a catalyst for DCPS to take action—"convene any necessary meetings, speak to any necessary contacts." *Opposition, pp. 4-5*. Plaintiffs are engaging in word-play. The Hearing Officer interpreted the June 16, 2005 letter exactly as it was intended—that Plaintiffs had placed the student at the McLean School and they wanted DCPS to foot the bill. Use of the word "request" does not negate the intent of the letter. The letter clearly states that the parents "have secured her [the student's] placement there."

The Hearing Officer correctly concluded that Plaintiffs placed the student at the McLean School—a unilateral decision—which Plaintiffs made "at their own financial risk." *See* Florence County Sch. Dist. Four v. Carter, 510 U.S. 7, 15, (1993).

### D. DCPS' failure to issue a placement notice does not automatically mean FAPE has been denied.

Plaintiffs argue that the Hearing Officer erred because he "ignored that DCPS never issued a notice of placement for the 2005-06 school year, thereby denying [the student] a FAPE." *Opposition, p. 5*. However, since Defendants were not proposing a change in the student's educational placement, and were under the impression that the student would attend the Lab School for the 2005-2006 school year, they were not required to issue a placement notice. *See 34 C.F.R. 300.503*.

Additionally, Plaintiffs fault DCPS for not convening a meeting "to discuss [the student's] need for a change to a less restrictive environment" in response to the parents' June 16, 2005 letter. *Opposition, p. 6*. However, Plaintiffs are ignoring the fact that they never

5

informed DCPS that they believed the student needed to be placed in a less restrictive environment, or that they wanted to discuss the matter.

Plaintiffs further argue that Defendants' reliance on Lunn v. Weast, WL 1554895, 7 (Slip Op. May 31, 2006, D. Md.) is inapplicable and dissimilar because in Lunn "the parent enrolled the child in private school without ever notifying the school system of her intent to do so." *Opposition, p. 6.* That is exactly what occurred in this case. Indeed, Plaintiffs' letter simply informs DCPS that the parents "have secured her [the student's] placement there." *AR, p. 48.* The deed was done, and Defendants were notified after the fact.

Plaintiffs argue that should the Court not rule as they want—holding that Defendants denied the student FAPE because they did not participate in the IEP discussions and did not issue a placement notice—parents would be penalized, would be denied an "avenue for ever changing their child's placement," and Defendants would have an incentive to "avoid these programming and placement discussions." *Opposition, p. 7.* However, Plaintiffs are misstating Defendants' responsibility to students in private placements. 34 C.F.R. 300.349 provides that:

> (1) After a child with a disability enters a private school or facility, **any meetings to review and revise the child's IEP may be initiated and conducted by the private school or facility** at the discretion of the public agency.
> (2) If the private school or facility initiates and conducts these meetings, the public agency shall ensure that the parents and an agency representative--
> (i) Are involved in any decision about the child's IEP; and
> (ii) Agree to any proposed changes in the IEP before those changes are implemented.
> (c) Responsibility. Even if a private school or facility implements a child's IEP, responsibility for compliance with this part remains with the public agency and the SEA. [Emphasis added.]

Thus, had there been any proposed changes to the student's IEP, DCPS would have been expected to participate in those discussions. As it stands, there were no proposed changes to the IEP. In fact, Plaintiffs stated that they "did not dispute the appropriateness of the IEP." *AR, p. 193.*

6

Since there were no proposed changes to the IEP and Plaintiffs do not dispute the appropriateness of the IEP, Defendants' non-participation in the March 10, 2005 IEP meeting does not amount to a violation of FAPE.

## II. **Plaintiffs are not Entitled to Tuition Reimbursement Regardless of Notice Requirements.**

Plaintiffs argue that since the parents removed the student from one nonpublic placement to another, they were under no obligation to notify DCPS of this change in placement, citing 20 U.S.C. §1412(a)(10)(C)(iii). *Opposition, p. 9-10.* However, Plaintiffs are missing the point. The bottom line is whether Plaintiffs are entitled to tuition reimbursement. 20 U.S.C. §1412(a)(10)(C)(ii), entitled "Reimbursement for Private School Placement," provides that:

> If the parents of a child with a disability, who previously received special education and related services **under the authority of a public agency**, enroll the child in a private elementary school or secondary school **without the consent of or referral by the public agency**, a court or a hearing officer may require the agency to reimburse the parents for the cost of that enrollment if the court or hearing officer finds that the agency had not made a free appropriate public education available to the child in a timely manner prior to that enrollment. [Emphasis added.]

The statute does not distinguish between placement in a public or private school by the public agency. The only requirement is that the child was receiving special education and related services **under the authority of a public agency.**

In this case, the student was attending the Lab School under the authority of DCPS—which had placed and funded her placement there. The student was provided FAPE while attending the Lab School. The parents unilaterally removed the student from the Lab School and placed her in McLean, without the consent of DCPS. Accordingly, Plaintiffs are not entitled to tuition reimbursement for the 2005-2006 school year.

7

## **CONCLUSION**

Both Plaintiffs and Defendants agreed that the Hearing Officer should base his determination on the papers—motions and documentary evidence submitted—in lieu of a hearing. Thus, Plaintiffs argument that the Hearing Officer should have convened a hearing to hear additional evidence concerning the McLean School's alleged general education status and the Lab School's alleged lack of placement for the student is without merit.

Further, Plaintiff's June 16, 2005 letter served as a notice informing DCPS of Plaintiffs' unilateral placement of the student at the McLean School, which the Hearing Officer interpreted correctly.

In addition, Defendants were not required to issue a placement notice for the student because they were not proposing a change in placement from the Lab School. Nor were they required to participate in the IEP discussions. Plaintiffs have conceded that they have no dispute with the student's IEP.

Finally, Plaintiffs are not entitled to tuition reimbursement because they removed the student from a school the student had been placed under the authority of DCPS and where she was receiving FAPE, without the consent of DCPS.

Accordingly, the Hearing Officer's Determination must be upheld, and Plaintiffs' motion for summary judgment should be denied.

> Respectfully submitted,
>
> ROBERT J. SPAGNOLETTI
> Attorney General for the District
>   of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division

                                  */s/ Edward P. Taptich*_____
                                  EDWARD P. TAPTICH (012914)
                                  Chief, Equity Section 2

                                  /s/ *Veronica A. Porter*_____
                                  VERONICA A. PORTER (412273)
                                  Assistant Attorney General
                                  441 4th St., N.W., Sixth Floor South
                                  Washington, D.C. 20001
                                  (202) 724-6651

**July 24, 2006**